IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MERRILL SCOTT & ASSOCIATES, LTD. et al.,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:02-CV-39-TC |

On May 21, 2007, the court issued an Order and Memorandum Decision (Docket # 977) granting the Securities & Exchange Commission's Motion for Summary Judgment against Defendant Patrick M. Brody. In that order, the court permanently enjoined Mr. Brody from violating the federal securities laws and ordered him to pay more than $16 million to disgorge his ill-gotten gains and to satisfy his pre-judgment interest obligation. The court deferred the issue of whether Mr. Brody should also be assessed a penalty.

Two days after the order was issued, Mr. Brody filed a Motion to Vacate that Order. He followed that with his Second Motion to Vacate Order and Decision. He brings his motions to vacate under Rule 54(b) (noting that order is subject to revision before final judgment is entered), or, alternatively, Rules 59(e) (titled "Motion to Alter or Amend Judgment") and 60(b) (titled "Relief from Judgment or Order") of the Federal Rules of Civil Procedure. For the reasons set forth below, the court DENIES his two motions to vacate.

In addition to his motions to vacate, Mr. Brody filed a related motion, titled "Motion to Strike," that is not so much a motion to strike as it is a motion for appointment of a special master under Rule 53(a)(1)(B)(i) to "receive a full airing of the facts regarding the course of discovery between the parties and to report to the court." (Docket # 992 at 1.) Because the court denies Mr. Brody's motions to vacate, his motion to strike and for appointment of a special master is DENIED AS MOOT.

## ANALYSIS

Mr. Brody cites three reasons why he believes the court should vacate its May 21, 2007 Order. First, he contends that "the court did not address or dispose of the legal and factual issue of how the SEC can prove its allegations without producing the individual contracts and having this court full consider the contents of those contracts." (Dkt # 979 at 1.) Second, he contends that "the court did not address the core legal issue of whether interrogatory responses can be stricken as affidavits for summary judgment purposes." (Id. at 2; see also Dkt # 982 at 1-2.) Third, he contends that "the court's findings [in the Order] concerning the course of dealings between Mr. Brody and SEC during the five-plus years that this case has been pending [1] erroneously speculate *sua sponte* about settlement discussions, without a record or evidence, in order to deprive Mr. Brody of his right to have a jury weigh his credibility; and, [2] are insufficient to support granting a summary judgment . . . ." (Dkt # 982 at 1.)

Because the Order is not final (the question of penalty assessment awaits), and no judgment has yet been entered against Mr. Brody, Rules 59(e) and 60(b) do not apply. But the court addresses Mr. Brody's motions under Rule 54(b) generally.

**Individual Contracts**

Mr. Brody posits that the court could not rule on the validity of the SEC's claims without considering the actual contracts between Merrill Scott and the investors. To the extent Mr. Brody again raises his "best evidence rule" objection, the court notes that it addressed and denied the objection in the Order. To the extent Mr. Brody raises an argument on the merits of the SEC's claims, the court is not persuaded. In the Order, the court set forth the proper elements for the causes of action alleged by the SEC, and none of them required an examination of the actual investor contracts. Accordingly, the court declines to vacate its Order on this ground.

**Interrogatories Versus Affidavit**

Although it is not entirely clear from the brief, Mr. Brody appears to argue that the court is not allowed to strike his sworn interrogatory response because the court may only strike affidavits. He contends that "there is a fundamental difference between the affidavit of a party [comparable to having that party's own counsel call that party as a witness] and interrogatory responses [comparable to having opposing counsel call that party as a witness]." (Dkt # 980 at 2 (bracketed language in original).)

Mr. Brody does not explain why the "difference" is "fundamental" in the Fifth Amendment privilege context. By his own definition, in either circumstance the "witness" is testifying. Further, he does not explain the significance of his point. He did not raise any such issue during the briefing (but he was on notice of the issue before the court and had opportunity to raise the issue). And now, in his motion to vacate, Mr. Brody presents no law to frame the issue, much less to support his position. The court will not vacate its Order on this ground.

**Facts Regarding Course of Dealing During Discovery and Settlement**

Finally, Mr. Brody contends that the court improperly struck his interrogatory response based on unsupported and inaccurate information relating especially to settlement discussions between him and the SEC.

He is concerned that the court speculated and improperly relied on private settlement discussions. But the only substantive content of the settlement negotiations set forth in the Order was based on information relayed during a public status conference held on November 13, 2006. The minute entry provides as follows:

> The Court hears argument on the current state of settlement negotiations between Plaintiff SEC and dft Patrick Brody. SEC states that Mr. Brody has failed to submit a certain sum of money, the payment of which the SEC considers a prerequisite to continuing settlement negotiations. [sic] The Court orders that Mr. Brody must either pay the money requested by the SEC or respond to the SEC's motion for summary judgment, no later than 12/13/2006.

(Dkt # 820.) Mr. Brody's concerns are unwarranted and there is no need to appoint a special master, as he suggests, to make findings about the nature of the parties' ongoing settlement discussions.

Further, the court disagrees with Mr. Brody's assertion that the court relied on information not in the record. The SEC's supplemental memorandum regarding the Fifth Amendment privilege issue, along with its supporting exhibits, provided straightforward information. (See Dkt # 948.) Further, the information presented in Mr. Brody's motions does not change the court's conclusion that striking the sworn interrogatory response was the correct thing to do. The court's finding that the SEC would otherwise suffer prejudice was fully supported by the overall circumstances. To the extent Mr. Brody disagrees with the court, he

may take that up with the Tenth Circuit Court of Appeals.

### ORDER

For the foregoing reasons, Defendant Patrick Brody's Motion to Vacate Order and Decision (Dkt # 979) and Second Motion to Vacate Order and Decision (Dkt # 982) are DENIED.  Mr. Brody's Motion to Strike (Dkt # 991) is DENIED AS MOOT.

SO ORDERED this 21st day of June, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge