IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>v.<br><br>MERRILL SCOTT & ASSOCIATES, LTD., MERRILL SCOTT & ASSOCIATES, INC., PHOENIX OVERSEAS ADVISERS, LTD., GIBRALTAR PERMANENTE ASSURANCE, LTD., PATRICK M. BRODY, DAVID E. ROSS, II and MICHAEL G. LICOPANTIS,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE AND PERMITING DISCOVERY**<br><br>Case No: 2:02-CV-39 TC<br><br>District Judge Tena Campbell<br><br><br>Magistrate Judge David Nuffer |

The United States of America has moved to intervene[1] in this action to clarify or modify protective orders[2] to permit, retroactively, the dissemination of information apparently in violation of those orders.  The court ordered[3] that briefing address the substantive issues raised in the motion as well as the concept of intervention.  Briefing is now complete.

---

[1] United States Motion to Intervene for Clarification or Modification of Rule 26(c) Protective Orders, docket no. 1043, filed September 10, 2007.

[2] Docket no. 228, filed February 3, 2004; docket no. 387, filed December 8, 2004; docket no. 408, filed January 11, 2005.  *See also* docket no. 397, filed December 21, 2004.

[3] Docket no. 1046, filed September 24, 2007.

The information at issue was obtained from Dr. Richard Gerber, not a party to this case,
who was allegedly a victim of the Ponzi scheme at issue in this case.[4]  Dr. Gerber produced
documents and was deposed for two days.[5]  It appears the transcript of his deposition and related
documents were made available to agents for the Internal Revenue Service, to which Dr. Gerber
takes exception.  The protective orders all provide that "Confidential Information shall not be
used . . . in any other legal proceedings not related to this Action.  All persons . . .  are hereby
prohibited and enjoined from disclosing or using it except as specifically provided herein."[6]  The
United States of America claims, notwithstanding this specific language, that language in other
paragraphs of the protective orders permits "the United States Attorney's Office for the District of
Utah"[7] to use information for any purpose it desires.  But if Gerber's interpretation is correct the
United States of America wants the protective orders "clarified" or "modified."[8]  Thus, this
present dispute is really between Dr. Gerber and the United States of America, neither of whom
are named parties.  Dr. Gerber is before the court as an intended beneficiary of a specific protective
order.[9]  But the United States of America is not, and should be permitted to intervene for the
limited purpose of resolving the issues raised in its motion and in Dr. Gerber's motion.

---

[4] Memorandum in Opposition to Motion to Intervene for Clarification or Modification of Rule 26(c) Protective Orders
and in Support of Cross-Motion for Return of Documents (Opposition Memorandum) at 3, docket no. 1075, filed
October 10, 2007.

[5] *Id.* at 4.

[6] Protective Order at 3 ¶2, docket no. 228, filed February 3, 2004.

[7] *Id.* at 4 ¶3(f).

[8] Memorandum in Support of United States' Motion to Intervene for Clarification or Modification of Rule 26(c)
Protective Orders at 10-11, docket no. 1044, filed September 10, 2007.

[9] Protective Order, docket no. 228.

Dr. Richard Gerber also asks the court for return of all the documents which have been disseminated in violation of the protective orders and suggests discovery is appropriate to determine "the extent of any violation" and to make "a more complete record with which to ascertain the appropriate remedy . . . ."[10]  The court is troubled by the lack of information about the precise manner in which materials apparently subject to protective orders in this case have come into the possession of the proposed intervenor.  Brian D. Bailey, a Special Assistant United States Attorney for the District of Utah states that he did not have "the impression that the United States Attorney's Office for the District of Utah was so restrictively bound in the uses it could make of the information," and states he "did not personally disclose the documents" but gave IRS agents "permission to review such documents . . . ."[11]  Discovery is appropriate.

The court is not, at this time, granting any clarification or modification of the protective orders and is not granting Dr. Gerber's motion for return of documents.

## ORDER

IT IS HEREBY ORDERED that the motion of the United States of America to intervene[12] for purposes of seeking clarification or modification of the protective orders is GRANTED.

---

[10] Opposition Memorandum at 28.

[11] Declaration [of Brian D. Bailey]  Support of United States' Motion to Intervene for Clarification or Modification of Rule 26(c) Protective Orders at 2, docket no. 1045, filed September 10, 2007.

[12] Docket no. 1043, filed September 10, 2007.

IT IS FURTHER ORDERED that Dr. Gerber is permitted to take discovery to determine the extent of any violation of the Protective Orders.  Such discovery shall not, without further leave of the court, consist of more than 10 interrogatories; 10 requests for production; and 3 depositions and shall be concluded on or before January 25, 2008.  Any responses to discovery shall be due to 20 calendar days from the date of service.

November 5, 2007.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge