IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> MERRILL SCOTT & ASSOCIATES, LTD., MERRILL SCOTT & ASSOCIATES, INC., PHOENIX OVERSEAS ADVISERS, LTD., GIBRALTAR PERMANENTE ASSURANCE, LTD., PATRICK M. BRODY, DAVID E. ROSS II, and MICHAEL G. LICOPANTIS, <br><br> Defendant. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br><br> Case No. 2:02-CV-39-TC |

This matter comes before the court on four motions filed by Defendant Patrick M. Brody.

Those motions were apparently filed in response to the Motion for Civil Monetary Penalty

against Mr. Brody, which was filed by Plaintiff Securities & Exchange Commission (SEC) in

November 2007.  Specifically, Mr. Brody filed the following: (1) Motion for Disbursement of

Funds for Attorney Fees and Accounting Fees (Docket # 1120); (2) Motion for a Jury Trial

(Docket # 1126); (3) Motion for Daubert Hearing (Docket # 1128); and (4) Motion in Limine

(Docket # 1130).  For the reasons set forth below, the court DENIES Mr. Brody's motions.

**BACKGROUND**

On May 21, 2007, the court issued an Order and Memorandum Decision granting SEC's

Motion for Summary Judgment against Patrick Brody.  In that Order, the court permanently

enjoined Mr. Brody

> from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a);
> Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and
> Rule 10b-5 thereunder, 17 C.F.R. § 240-10b-5; Sections 206(1) and (2) of the
> Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1) and (2); and Section
> 15(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(a).

(May 21, 2007 Order & Mem. Decision at 36.)   The court further ordered Mr. Brody to pay

$16,622,163.11 in disgorgement fees and prejudgment interest. (Id.)

But the court deferred ruling on the SEC's request that Mr. Brody be required to pay a

civil monetary penalty.  Instead, the court said that it would "determine whether to impose a civil

monetary penalty upon motion by the SEC, along with full briefing of the issue and a hearing."

(Id. at 35.)  As noted above, SEC has since filed that motion, prompting the court to decide the

issue.

Mr. Brody contends that the decision process regarding the monetary penalty should

include a Daubert hearing and a jury trial.  He further seeks to prevent SEC's reliance on "all

evidence that pertains to unsuccessful contempt motions filed by SEC against Mr. Brody in this

case."  (Mot. in Limine (# 1130) at 1.)  And last, but not least, he contends that the Receiver

assigned to this case should reimburse him out of the Merrill Scott estate for "attorney and

accounting fees incurred by Mr. Brody in defendant against" the SEC's Motion for Civil

Monetary Penalty because

> the alleged acts by Mr. Brody forming the basis for a civil monetary penalty
> against him were all performed in connection with his work for the defendants
> Merrill Scott & Associates, Ltd., and related entities, that the said entities owe a
> legal duty to Mr. Brody to fund his defense or would otherwise have funded his
> defense but for the appointment of a receiver by this court . . . .

2

(Mot. for Disbursement of Funds (# 1120) at 1-2.)

The court will address each in turn.

## ANALYSIS

### Motion for Disbursement of Funds for Attorney Fees and Accounting Fees

In its May 21, 2007 Order, the court found that Mr. Brody, as a principal of many Merrill Scott entities, violated the anti-fraud provisions and the broker registration requirements of the federal securities laws. As the SEC notes in its opposition to Mr. Brody's motion, Mr. Brody is not entitled to fund his defense costs in this litigation from funds he acquired through fraud (i.e., the Merrill Scott entities' assets gathered, held, and distributed by the Receiver to defrauded investors). See, e.g., SEC v. Quinn, 997 F.2d 287, 289 (7th Cir. 1993) ("Just as a bank robber cannot use the loot to wage the best defense money can buy, so a swindler in securities markets cannot use the victims' assets to hire counsel who will help him retain the gleanings of his crime.") (internal citations omitted); SEC v. Princeton Econ. Int'l Ltd., 84 F. Supp. 2d 443, 447 (S.D.N.Y. 2000) (holding that defendant in securities fraud action "may not use funds obtained by fraud to pay for his defense"). Accordingly, Mr. Brody's Motion for Disbursement is DENIED.

### Motion for a Jury Trial

Mr. Brody demands a jury trial in connection with the SEC's motion for imposition of a civil monetary penalty. But he is not entitled to one. The relevant facts were adjudicated at the summary judgment stage.

The SEC's request for a civil monetary penalty was part of the SEC's motion for summary judgment. That portion, which was deferred (not denied, as Mr. Brody seems to

suggest), must still be decided based on the facts the court relied upon to find that the SEC was entitled to summary judgment and to order a permanent injunction against Mr. Brody.  Mr. Brody did not properly oppose the SEC's factual statements in the motion for summary judgment, and so the court held that the matter, including the civil monetary penalty issue, was properly decided at the summary judgment stage, not during a trial.

Additional briefing does not change the facts or the procedure set into action when the SEC filed its Motion for Summary Judgment.  Accordingly, there is no need for or right to a jury trial on the civil monetary penalty.  Mr. Brody's Motion is DENIED.

## Motion for Daubert Hearing

In Mr. Brody's Motion for a Daubert Hearing, he challenges the expert witness report of Gil Miller, CPA (the report the court relied on when granting the SEC's Motion for Summary Judgment).  He raised this argument once before, when he opposed the SEC's Motion for Summary Judgment.  At that time, the court denied his objections to Mr. Miller's report, stating that Mr. Brody "did not participate in expert discovery.  He did not file an opposing expert report.  Instead, he offers unqualified, conclusory criticism by himself and his attorney.  This is not sufficient to challenge the admissibility of Mr. Miller's report, and the court disregards his objections."  (May 21, 2007 Order at 5-6.)

In his latest motion, Mr. Brody raises nothing new or persuasive.  As the court did before, it again holds that Mr. Brody is not entitled to a Daubert hearing.  Accordingly, his motion is DENIED.

## Motion in Limine

Mr. Brody complains that the SEC's Motion for Civil Monetary Penalty relies on

unproven activity described in motions for contempt.  He wants exclusion of any information

raised in those pleadings.  But it appears that the SEC is relying on evidence that is already in the

record (that is, findings of fact in connection with the court's May 2007 order on the motion for

summary judgment).  The court will not exclude that evidence.  But the court will not go beyond

that evidence to consider the SEC's request that a third-tier civil monetary penalty be imposed on

Mr. Brody.  At this point, Mr. Brody's Motion in Limine is DENIED WITHOUT PREJUDICE.

If it becomes clear that the SEC is relying on facts outside the court's May 2007 Order, Mr.

Brody may re-assert his objection.

SO ORDERED this 7th day of January, 2008.

BY THE COURT:

TENA CAMPBELL
Chief Judge

5